UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Andrew David Lee,** | Civil No. 07-MC-61 (JNE/SRN) |
| **Petitioner,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **State of Minnesota, County of Steele, G. Meiners, C. Christain, J. Bueltel, D. Ruth, C. Harmon, D. Johnson, A. Guzman, M. Dahlin, G. Ringhofer, Does, Moes, and Roes,** | |
| **Respondents.** | |

SUSAN RICHARD NELSON, United States Magistrate Judge

Petitioner Andrew David Lee commenced this action against Respondents State of Minnesota, County of Steele, G. Meiners, C. Christain, J. Bueltel, D. Ruth, C. Harmon, D. Johnson, A. Guzman, M. Dahlin, G. Ringhofer, Does, Moes, and Roes, on October 29, 2007, by filing a "Petition for Libel of Review of Completed Administrative Process." (Doc. No. 1.) No summons was issued, and Respondents never entered an appearance, presumably because they were never served with the petition. Consequently, on February 29, 2008, this Court issued an order directing Petitioner to notify Respondents that they were required to either make an appearance or move for an extension of time to do so. The Court further instructed Petitioner to file an application for an entry of default if Respondents failed to file the required pleading, and that if Plaintiff failed to do so within twenty days of the Court's order, the case would be dismissed for lack of prosecution.

According to the docket sheet, the Court's order was mailed to Petitioner but was returned as undeliverable. The Clerk's Office re-mailed the order on March 18, 2008, but the

mailing was again returned as undeliverable. The Clerk's Office mailed the order a third time on March 28, 2008, to Petitioner in the care of John Pelton, Notary, 13628 Square Lake Trail, Stillwater, Minnesota 55082.[1] This mailing was not returned.

On April 8, 2008, presumably after Petitioner received the Court's order, he wrote a letter to the Court, which he began with, "Order of the court – dismiss all charges, release probation and any warrants, prohibit any actions contrary to foreign judgment, confession of judgment, default, successor sureties, clear records and notify all parties of closure of public issues; dismiss Courts." (Doc. No. 9 at 1.) On the next page, Petitioner wrote, "United States District Court, you are dismissed from further service . . . ." (Id. at 2.) The letter further stated, "Notice has been given to the Minnesota Attorney General and the Secretary of State . . . should the dismissal paperwork not be timely forthcoming." (Id.) Although the letter is not a model of clarity, there is no implication that Petitioner wishes to maintain this action.

The Court interprets Petitioner's letter as a request to voluntarily dismiss his case. Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss his or her case "without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." Fed. R. Civ. P. 41(a)(1)(i). Respondents have not served an answer or filed a motion for summary judgment, and thus, Petitioner is entitled to voluntarily dismiss his case.

In addition, more than 120 days have passed since this action was filed, and there is nothing in the record to suggest that service of process has been effected on any of the

---

[1] On January 22, 2008, Petitioner filed a "Notice Concerning Fiduciary Relationship," which indicated that he received mail in the care of John Pelton, a notary, at 13628 Square Lake Trail in Stillwater, Minnesota. (Doc. No. 4.)

Respondents.  Therefore, if this action is not dismissed under Rule 41(a)(1)(i), Petitioner should be ordered to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 11, 2008

                                          s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by  April 28, 2008  , a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.